State Farm Fire & Cas. Co. v Soliman (2023 NY Slip Op 01949)

State Farm Fire & Cas. Co. v Soliman

2023 NY Slip Op 01949

Decided on April 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 13, 2023

Before: Renwick, A.P.J., Moulton, Shulman, Rodriguez, Pitt-Burke, JJ. 

Index No. 156332/20 Appeal No. 39 Case No. 2022-00310 

[*1]State Farm Fire and Casualty Company, Plaintiff-Appellant,
v
Bassem Soliman, D.C., et al., Defendants, BPC Chiropractic, P.C., et al., Defendants-Respondents.

Rivkin Radler LLP, Uniondale (Stuart M. Bodoff of counsel), for appellant.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 21, 2021, which denied plaintiff insurer's motion for a default judgment against defendants BPC Chiropractic, P.C., Distinctive Medical, P.C., M&D Elite Pharmacy, LLC., Standard Rehab PT, P.C (collectively, the defaulting medical provider defendants), and defendants Abdanis Cameron and Angelic Santiago, unanimously reversed, on the law, without costs, the motion granted and it is declared that plaintiff has no duty to pay the defaulting medical provider defendants' claims arising out of an alleged August 29, 2019 automobile accident.
Plaintiff insurer seeks a declaratory judgment of noncoverage based, among other things, on its allegations that defendants Munoz, Cameron, and Santiago (collectively, the claimants) each breached a condition precedent to coverage by failing to appear for properly noticed Examinations Under Oath (EUOs). In support of its motion for a default judgment against the defaulting defendants, plaintiff demonstrated through admissible evidence that the claimants each breached a condition precedent to coverage by failing to appear for properly and timely noticed EUOs (see State Farm Mut. Auto. Ins. Co. v AK Global Supply Corp., 203 AD3d 556, 557 [1st Dept 2022]; Hertz Vehicles, LLC v Alluri, 171 AD3d 432, 432 [1st Dept 2019]). The documentary evidence shows that plaintiff sent the EUO scheduling letters to the claimants within 15 business days of receiving the prescribed verification forms (in this case, NF-3 forms), as required (see 11 NYCRR 65-3.5 [b]; Hertz Vehicles, LLC v Best Touch PT, P.C., 162 AD3d 617 [1st Dept 2018]). Contrary to the motion court's calculation, the 15-day period starts with receipt of the NF-3 forms, not the NF-2 Application for No-Fault Benefits forms (see State Farm Mut. Auto. Ins. Co., 203 AD3d at 557).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 13, 2023